29744. LAW *v.* HUDGINS TRANSFER COMPANY *et al.*

DECIDED DECEMBER 4, 1942. ON REHEARING, DECEMBER 19, 1942.

*Clint W. Hager, J. F. Kemp, J. M. Johnson,* for plaintiff.
*Joseph G. Collins, Carl T. Hudgins,* for defendants.

STEPHENS, P. J. (After stating the foregoing facts.) The petition does not show the amount of rental for the use of the

trucks which was to be paid by the government to the contractors, and does not show the amount which was paid by the government as such rental. It shows the amount of rental which was to be paid to the plaintiff who did not furnish the trucks under any agreement with the government, but who furnished the trucks to the subcontractor of the contractors with the government. He furnished these trucks under a written agreement wherein it was provided that the government, in its agreement with the contractors, had a right to pay up to a certain amount as rent on the trucks when it should recapture the trucks, and they would become the property of the government. In this written agreement the plaintiff agreed that if the government exercised the right to take the trucks at a time when rentals paid by the government equalled the appraised value, and the trucks became the property of the government, he "would have no further claim" on the trucks against the defendants or against the contractors. In this agreement it was recited that all of the parties had agreed on the government's appraisal of the trucks. The amount paid or to be paid by the government as rent in order for it to have the right to exercise the recapture clause and take these trucks would have to appear in order for it to be determined whether or not the plaintiff was entitled, under the allegations of the petition, to recover any amount on the exercise by the government of its right to take such trucks under the recapture clause of the contract with the contractors, subject to which the plaintiff rented the trucks. Plaintiff is given permission to amend counts 1 and 5.

Count 4 wherein it is alleged that the plaintiff sold a certain number of trucks to the defendants for a stipulated price, and that the plaintiff had received less than the price at which the trucks trucks were sold, and that the defendants were indebted to the plaintiff for an alleged balance, set out a cause of action and the court erred in sustaining the demurrer to this count. The exhibit A is not a part of this count.

The court did not err in sustaining the demurrer to counts 1 and 5 of the petition.

*Judgment affirmed in part, and reversed in part. Sutton and Felton, JJ., concur.*